IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNA OCKFORD & JUSTIN HERBST | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ENCOMPASS INSURANCE CO. | : | NO. 24-1581 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                     October 7, 2024

      Plaintiffs have filed a motion to compel production of Defendant's claims file and the reserve information in this underinsured motorist coverage ("UIM") case. Doc. 22. Defendant responds that it is not required to produce the claims file of an ongoing insurance claim and that its reserve information is protected as opinion work product, Doc. 24, and Plaintiffs filed a reply. Doc. 27.

      First, Plaintiffs seek production of Defendant's claims file predating March 14, 2024, the date on which Plaintiffs' counsel threatened litigation. Doc. 22 at 7. Defendant claims that its "mental impressions, opinions, and conclusions regarding the value and merits of Plaintiffs' UIM claim are privileged while the claim is ongoing." Doc. 24 at 2.

      Rule 26(b)(3) protects "documents and tangible things" from discovery that are prepared in anticipation of litigation or for trial by or for another party or its representative. Fed. R. Civ. P. 26(b)(3)(A). "A document is prepared in anticipation of litigation when 'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" Solano-Sanchez v. State Farm Mut. Auto Ins. Co.,

Civ. No. 19-4016, 2021 WL 2156367, at *4 (E.D. Pa. May 27, 2021) (quoting In re Grand Jury Proceedings, 604 F.2d 798, 803 (3d Cir. 1979) (additional citations omitted)). In contrast, materials prepared in the ordinary course of business are not protected. Borgia v. State Farm Mut. Automobile Ins. Co., Civ. No. 14-3149, 2014 WL 4375643, at *2 (E.D. Pa. Sept. 3, 2014) (citing Martin v. Bally's Park Place Hotel & Casino, 983 F.2d 1252, 1260 (3d Cir. 1993); Fed. R. Civ. P. 26(b)(3), advisory committee's note, 1970 Amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdividsion.")). "[B]ecause insurance companies are required to evaluate claims made by their insureds in the ordinary course of their business, 'discovery disputes involving an insurance company's claims file often present problems for the parties.'" Solano-Sanchez, 2021 WL 2156367, at *5 (quoting Borgia, 2014 WL 4375643, at *3). "[A]n insurance company cannot reasonably argue that the entirety of its claims files are accumulated in anticipation of litigation when it has a duty to investigate, evaluate[,] and make a decision with respect to claims made on it by its insureds." Borgia, 2014 WL 4375643, at *3 (internal quotation omitted, collecting cases). "Rather, '[a]t some point in its investigation, . . . an insurance company's activity shifts from mere claims evaluation to an anticipation of litigation." Id. (quoting Garvey v. Nat'l Grange Mut. Ins. Co., 167 F.R.D. 391, 394 (E.D. Pa. 1996)); see also id. at *4 (documents prepared after "shift[] from mere claims evaluation to defending against the prospect of litigation" are within work product protection) (citing, inter alia, Keefer v. Erie Ins. Exch., Civ. No. 13-1938, 2014 WL 901123, at *5 (M.D. Pa. Mar. 7, 2014));

2

Smith v. Progressive Spec. Ins. Co., Civ. No. 15-528 ECF No. 35, slip op. at 2-3 (W.D. Pa. Dec. 15, 2015) ("until an insurance company can demonstrate that it reasonably considered a claim to be more likely than not headed for litigation, the natural inference is that the documents in its claim file that predate this realization were prepared in the ordinary course of business") (quoting S.D. Warren Co. v. E. Elec. Corp., 201 F.R.D. 280, 285 (D.Me. 2001)).

Defendant argues that it is not required to produce its mental impressions, opinions, and conclusions regarding Plaintiff's UIM claim while the claim is "ongoing." Doc. 24 at 2. Defendant relies on Consugar v. Nationwide Insurance Co. of Am., Civ. No. 10-2084, 2011 WL 2360208 (M.D. Pa. June 9, 2011), in support of its argument. Doc. 24 at 2-3. However, Defendant relies on a section of the opinion in Consugar that addressed the attorney-client privilege to shield the documents in the claims file from production. 2011 WL 2360208, at *2. When it turned to the work product doctrine, the court rejected the defendant's argument that all documents in the claim file prepared following its initial adjustment of the claim were protected from discovery. Id. at *3-4.

The other cases cited by Defendant are also inapposite. In Fidelity and Deposit Company v. McCulloch, for example, the court rejected the insureds' broad argument that the inclusion of a bad faith claim waived all protections from discovery afforded by the work product doctrine, 168 F.R.D. 516, 524 (E.D. Pa. 1996), and in Dombach v. Allstate Insurance Co., the court found that the inclusion of a bad faith claim did not create an exception to the attorney-client privilege. Civ. No. 98-1652, 1998 WL 633655, at *1 (E.D. Pa. Aug. 27, 1998). These cases did not eliminate Rule 26(b)(3)'s

3

requirement that only documents created in anticipation of litigation fall under the Rule's protection.

The other cases cited by Defendant are equally inapplicable to its argument that it is not required to produce its mental impressions, opinions, and conclusions regarding Plaintiffs' claim.  Some of the cases cited deal with the attorney-client privilege, not the work-product doctrine, see Parisi v. State Farm Mut. Auto. Ins. Co., Civ. No. 16-179, 2017 WL 4403326, at *5 (W.D. Pa. Oct. 2, 2017) ("While work product prepared in the ordinary course of business is not protected from discovery, . . . this Court is not aware of any such limitation to the attorney-client privilege.") (internal quotation omitted); Maiden Creek T.V. Appliance, Inc. v. Gen. Cas. Ins. Co., Civ. No. 05-667, 2005 WL 1712304, at *1 (E.D. Pa. July 21, 2005) (denying motion to compel based on attorney-client privilege, but stating "mental impressions of an insurer's non-attorney agents contained in claims files are also at issue and are discoverable"), while others approve the redaction of documents prepared in anticipation of litigation.  See Robertson v. Allstate Ins. Co., Civ. No. 98-4909, 1999 WL 179754, at *4 (E.D. Pa. Mar. 10, 1999) (finding that the documents not produced from the claims file, including letters exchanged between defense counsel and a letter assigning counsel to the file were created in anticipation of litigation); Provident Life & Acc. Ins. Co. v. Nissenbaum, Civ. No. 97-5666, 1998 WL 800323, at *1 (E.D. Pa. Nov. 17, 1998) (documents not produced from investigative file were prepared in anticipation of litigation).  None of the cases cited by Defendant provide a blanket protection for the insurer's mental impressions, opinions, or conclusions, nor do they eliminate the requirement that the redacted documents/portions

4

of the file be prepared in anticipation of litigation. Thus, I must determine when Defendant reasonably anticipated litigation.

"The party asserting work product protection must demonstrate that it subjectively anticipated litigation, and that the anticipation was objectively reasonable." Solano-Sanchez, 2021 WL 2156367, at *5 (citing Borgia, 2014 WL 4375643, at *3). "A party's anticipation of litigation is objectively reasonable if 'there existed an identifiable specific claim or impending litigation when the materials were prepared.'" Id. (quoting Borgia, 2014 WL 4375643, at *3) (in turn quoting Montgomery Cnty. v. MicroVote Corp., 175 F.3d 296, 305 (3d Cir. 1999) (Greenburg, J., concurring)). Defendant argues that UIM cases, by their nature, are adversarial and litigation is anticipated from the date the claim was opened. Doc. 24 at 3. However, the judges of this court have not taken such a broad view.

In Solano-Sanchez, a UIM case, the Honorable Henry Perkin relied on Borgia and another UIM case from this district when faced with the question of when litigation was reasonably anticipated. Judge Perkin explained that in Borgia, the court found that "the defendant insurer reasonably anticipated litigation when it was apparent that '[the plaintiffs'] demand far exceeded [the insurer's] valuation of the claim." 2021 WL 2156367, at *5 (quoting Borgia, 2014 WL 4375643, at *3). In another case, the insurer argued that it anticipated litigation when it received a demand letter from plaintiff's counsel for the policy limits and threatened litigation if the policy limits were not paid. Id. at *6 (citing Wagner v. Allstate Ins. Co., Civ. No. 14-7326, 2016 WL 233790, at *6 (E.D. Pa. Jan. 19, 2016)). To this demand, the claims adjuster responded that he needed

5

additional information and treatment records to "continue [the defendant's] review of the claim." Wagner, 2016 WL 233790, at *6. The Honorable Joseph Leeson reasoned that defendant could not have reasonably anticipated litigation while still collecting information to review the claim but could anticipate litigation when it tendered an offer below the policy limits. Id. Guided by these cases, Judge Perkin found that the insurer reasonably anticipated litigation in Solano-Sanchez after completing its review of the medical records and the independent medical examination, when it valued the claim far below the policy limit which had been demanded. 2021 WL 2156367, at *6.

Here, Plaintiffs have asked for the entries in the claims file prior to March 14, 2024, when Plaintiff's counsel made a demand for the policy limits and indicated that if the matter was not resoled on or before March 27, 2024, he would file suit. Doc. 22 at 7-8. Consistent with the logic of Solano-Sanchez, Borgia, and Wagner, as of that date, but not before, the Defendant reasonably anticipated litigation.[1]

Second, Defendant argues that its reserve information is protected from discovery by the work product doctrine. "An insurance reserve is a pool of funds allocated to satisfy obligations that may arise under a claim." Keefer, 2014 WL 901123, at *3 (quoting PECO Energy Co. v. Ins. Co. of N. Am., 852 A.2d 1230, 1232 n.3 (Pa. Super. 2004)). The determination of whether reserve information is discoverable in a bad faith

---

[1] An argument can be made that Defendant did not anticipate litigation until March 27, 2024, the deadline identified in Plaintiffs' demand letter, see Doc. 22 at 18, or April 16, 2024, when suit was filed. See Doc. 1. It is unclear what, if any, response Defendant tendered to the March 13, 2024 letter. However, it is clear that any offer tendered was not for the policy limits. Therefore, it is logical to conclude that Defendant anticipated litigation upon receipt of the letter.

case depends on whether the bad faith claim arises from a denial of coverage or the valuation of the claim.  "[W]hen the bad faith claim is based on a denial of coverage and 'does not involve the value of the claim or [the plaintiff's] estimation of liability . . . the reserve information . . . is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.'"  Hydrojet Srvs., Inc. v. Sentry Ins. Co., Civ. No. 20-4727, 2022 WL 2168655, at *7 (E.D. Pa. June 16, 2022) (quoting Executive Risk Indem., Inc. v. Cigna Corp., Nov. Term 2004 No. 1495, 2006 WL 2439733, at *5 & n.7 (C.C.P. Phila. Cnty. 2006) (in turn citing McCullough, 168 F.R.D. 516; Safeguard Lighting Sys., Inc. v. N. Am. Spec. Ins. Co., Civ. No. 03-4145, 2004 WL 3037947 (E.D. Pa. Dec. 30, 2004)).  However, when the claim relates to the insurer's failure to settle or involves a discrepancy in the valuation of the claim, the reserves are relevant and may be discoverable.  Hydrojet, 2022 WL 2168655, at *7; see also Borgia, 2014 WL 4375643, at *4 n.5 (finding reserves were relevant in UIM claim because "the establishment of reserves would serve little, if any, purpose unless the reserves 'have some relationship to the insurer's estimation of the insured's potential liability'") (citations omitted); Penn-Dion Corp. v. Great Am. Ins. Co., Civ. No. 17-4634, 2019 WL 3202503, at *5-6 (E.D. Pa. July 16, 2019) (discussing prevailing view that reserves are discoverable when bad faith action relates to insurer's failure to settle or value of the claim) (quoting Bernard v. Lib. Mut. Ins. Corp., Civ. No. 18-1218, 2019 WL 461510, at *5 (M.D. Pa. Feb. 6, 2019)); Consugar, 2011 WL 2360208, at *5 ("the amount set aside for reserves 'is certainly germane to any analysis [defendant] made of' the claim's value, and of whether defendant acted in bad faith in processing the claim") (citations omitted).

Defendant argues that the Superior Court's decision in PECO Energy compels the conclusion that insurance reserves "are inherently prepared in anticipation of litigation." Doc. 24 at 5-6 (citing PECO, 852 A.2d at 1234).  However, the PECO court cited a decision that permitted discovery of insurance reserves for the limited purpose of determining whether the insurance company had acted in bad faith when negotiating a settlement, and noted that no bad faith claim was involved in the PECO case.  852 A.2d at 1235 n.8 (citing N. River Ins. Co. v. Greater New York Mut. Ins. Co., 872 F. Supp. 1411 (E.D. Pa. 1995)).  In rejecting this argument in a similar UIM/bad faith case, the Honorable John R. Padova found that "PECO did not establish a per se rule regarding reserve information and, in fact, expressly left open the question of whether insurance reserves are discoverable in bad faith actions."  Neidich v. Progressive Advanced Ins. Co., Civ. No. 17-5375, 2018 WL 4006397, at *2 (E.D. Pa. Aug. 22, 2018) (citing PECO, 852 A.2d at 1235 n.8).

Because Plaintiffs bring a bad faith claim based on the valuation of their claim, I find that the reserves are relevant and discoverable and not shielded by the work product doctrine.

An appropriate Order follows.